UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

CASE NO. 17-CV-62023-BB



ROBERT FURTICK,
Plaintiff,
v.
AUTONATION, INC.
Defendant.
_____/

## OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

The Plaintiff, Robert Furtick, respectfully requests the Hon. Judge Beth Bloom deny the Defendant's Motion to Compel Arbitration, ECF No. [26], on the following grounds:

1. The Plaintiff engaged the Defendant's Vice President of Human Resources, Julie Staub, via certified mail in May 2014 [See Exhibit A and Exhibit B] prior to initiating this civil action. In the aforementioned correspondence, the Plaintiff explicitly requested an "amicable resolution" to the issues raised in this complaint. Upon receipt of the Plaintiff's letter, the Defendant did not refer the Plaintiff to arbitration. The Defendant's failure to respond to the Plaintiff's formal complaint to the Vice President of Human Resources left the Plaintiff with no recourse other than to file a complaint with the EEOC, as is the Plaintiff's constitutionally protected right. During the EEOC's investigation, the Defendant did not respond to the Commission's request for mediation. Due to the Defendant's complete and utter lack of cooperation before, during, and after the EEOC charge process, the Plaintiff was left with no alternative other than bringing action before the court.

2. The arbitration agreement signed by the Plaintiff is unenforceable because the rights protected by Title VII of the Civil Rights Act of 1964 are non-waivable. Requiring the Plaintiff to report

to report violations of Title VII to an arbitrator is a violation of the Plaintiff's constitutionally protected right.

3. The arbitration agreement was signed under economic duress making the contract voidable. The factors creating economic duress were:

   a) The Plaintiff signed the documents provided under imminent threat of loss of income or termination.

   b) The Plaintiff was hired by the Defendant as a contractor in April 2009. The duration of the contract was 3 months.

   c) The Plaintiff was not required to sign an arbitration agreement as a contractor.

   d) The Defendant converted the Plaintiff from a contractor to a full-time employee at conclusion of the contract.

   e) The Defendant's HR employee explicitly stated failure to sign all documents required by the Defendant would result in the Defendant revoking the offer of employment resulting in separation from the company.

   f) The Plaintiff did not have a reasonable alternative to signing the Arbitration Agreement.

   g) In July 2009 the Plaintiff had sole custody of and full financial responsibility for his 4 year old son.

   h) The Plaintiff's only alternative to signing the Arbitration Agreement was to decline the offer of employment.

   i) The unemployment rate for July 2009 was 9.4% (U.S. Bureau of Labor Statistics)

   j) Having been unemployed from August 2008 – April 2009, unemployment was not a reasonable alternative to signing the agreement for the Plaintiff.

   k) Not signing would have resulted in AutoNation rescinding their offer of employment

   l) The Plaintiff was engaged in a loan modification dependent upon his continued employment with AutoNation.

m) The Defendant relied on their position as the Plaintiff's existing employer and exercised undue influence to remove mutual assent from contract negotiations.

n) Unlike a prospective employee entering into a new employment relationship with the Defendant, the Plaintiff would have suffered immediate financial harm by failing to sign the agreement.

o) The Defendant created the economic duress by making the arbitration agreement and associated documents a condition of continued employment for the Plaintiff.

4. The Plaintiff was subjected to harassment after being terminated by the Defendant as a private citizen, not an "Employee", when no relationship existed between the Plaintiff and the Defendant as required in the language of the Arbitration Agreement. In April 2014, two months after the Plaintiff was terminated from AutoNation, Mayra Regalado, the Defendant's Chief Information Officer, and Ibis Gonzalez, the Defendant's Senior Director, falsely accused the Plaintiff of two criminal acts in the absence of evidence:

a) Destroying company property.

b) Disseminating a salacious email containing illegally obtained, sexually explicit images of a member of the management team.

## Memorandum of Law

I. The arbitration agreement signed by the Defendant is unenforceable because it upholds a practice of resistance to the rights protected by Title VII of the Civil Rights Act of 1964 by requiring violations of Title VII to be determined by binding arbitration. The language of the agreement states:

> "any claim, dispute, and/or controversy (including but not limited to, any claims of discrimination and harassment, whether they be state law, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws or regulations) that the

>  Employee or the Company may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act."

EEOC v. Baker and Taylor, Civil Action No. 13-3729(N.D. Ill. 2013) upheld the EEOC's position that:

> "an employer may not interfere with the protected right of an employee to file a charge, testify, assist, or participate in any manner in an investigation, hearing, or proceeding under [Title VII…]"

II. 9 U.S. Code § 2 states arbitration is binding "save upon such grounds as exist at law or in equity for the revocation of any contract". The arbitration agreement signed by the Plaintiff is voidable because it was signed under economic duress. The majority in AT&T Mobility LLC v. Concepcion confirmed the Federal Arbitration Act allows for arbitration clauses to be invalidated "by 'generally applicable contract defenses, such as fraud, duress, or unconscionability"(AT&T Mobility LLC v. Concepcion)

## CONCLUSION

For all the foregoing reasons, the Defendant's Motion to compel Arbitration is due to be denied. This 15th day of December, 2017

Respectfully Submitted by:

Robert Furtick, Plaintiff, pro se
4944 Cypress LN
Coconut Creek, FL 33073
(561) 322-5232
robertfurtick@gmail.com

Robert Furtick<br>
9111 Bedford Dr<br>
Boca Raton, FL 33434<br>
561-322-5232<br>
robertfurtick@gmail.com

May 7, 2014

Julie Staub

**Vice President, Human Resources**
AutoNation
**200 SW 1st Ave #1400**
**Ft. Lauderdale, FL 33301**

Dear Ms Staub,

**I have** been irreparably harmed by the malicious actions of specific members of Autonation's senior management team both during my employment and, to my utter disbelief, even after my separation from the company. I contacted Suzette Nussbaum by phone on 4/2/2014 at 11:37 A.M. in an effort to open a dialogue towards an amicable resolution (I left a voice mail approximately 37 seconds in duration). Unfortunately I have yet to receive a response so I feel compelled to appeal to you directly. It is my sincere hope that your direct intervention can preclude any further action.

Sincerely,

Robert Furtick

EXHIBIT A

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AUTONATION INC.
C/O JULIE STAUB
200 SW 1ST AVE #1400
FT. LAUDERDALE, FL 33301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  D.M.?       ☐ Agent
               ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
Gene Fype                          1/13/14

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Certified Mail®      ☐ Priority Mail Express™
☐ Registered           ☐ Return Receipt for Merchandise
☐ Insured Mail         ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7013 2630 0000 8145 8082

PS Form 3811, July 2013    Domestic Return Receipt

EXHIBIT B